**ALEX HARDIMAN**, Bar No. 197957
ahardiman@andersonkill.com
**ROBERT L. HERNANDEZ**, Bar No. 271889
rhernandez@andersonkill.com
**ANDERSON KILL**
864 East Santa Clara Street
San Buenaventura, California 93001
Tel:  (805) 288-1300
Fax:  (805) 288-1301

**Attorneys for Plaintiff, Source One Staffing, LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOURCE ONE STAFFING, LLC, | Case No.: CV11-224 GW (PJWx) |
| Plaintiff, | **Honorable Judge George H. Wu** |
| v. | |
| BROADSPIRE SERVICES, INC., CRAWFORD & COMPANY, INC; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AMERICAN HOME ASSURANCE COMPANY, INSURANCE COMPANY FOR THE STATE OF PENNSYLVANIA, COMMERCE AND INDUSTRY INSURANCE COMPANY, BIRMINGHAM FIRE INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY; AIU INSURANCE COMPANY; AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; LANDMARK INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA; NEW HAMPSHIRE INSURANCE COMPANY; AMERICAN INTERNATIONAL GROUP, INC., AIG CONSULTANTS, INC., AIG CLAIM SERVICES, INC.; and DOES 1-20. | **SOURCE ONE STAFFING, LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION TO REMAND TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES AND FOR COSTS**<br><br>**Date:**  September 15, 2014<br>**Time:**  8:30 a.m.<br>**Courtroom:** 10 |
| Defendants. | |

1

NOTICE OF MOTION AND MOTION TO REMAND

nydocs1-1036795.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Federal subject matter jurisdiction based upon diversity exists only where this is complete diversity between the parties. Plaintiff Source One Staffing, LLC ("SOS") is a California limited liability corporation with its principal place of business in California. Defendant Landmark Insurance Company ("Landmark") is also a California corporation. Because SOS and Landmark are both California citizens, diversity does not exist and this Court lacks subject matter jurisdiction to hear this case. Where, as here, a court lacks subject matter jurisdiction over a removed action, the case must be remanded.

To circumvent the foregoing, and despite the fact that Landmark is a party to the contract that forms the basis of this dispute, the Defendant AIG Carriers (inclusive of Landmark) oppose remand on the grounds that Landmark was not a proper defendant. To avoid remand, however, the AIG Carriers must show that Landmark cannot be liable to SOS under any of the claims asserted by SOS. The AIG Carriers have not established by clear and convincing evidence that there is no conceivable basis for finding Landmark liable to SOS. Because Landmark is not a sham defendant, this court lacks subject matter jurisdiction and must remand the case to the California Superior Court of Los Angeles.

### ARGUMENT

**I. Remand is Proper Because the Presence of California Parties on Both Sides of the Action Divests this Court of Subject Matter Jurisdiction.**

Federal subject matter jurisdiction based on diversity exists only where there is complete diversity between the parties. *Caterpillar Inc v. Lewis*, 519 U.S. 61, 68 (1996).

SOS is a California limited liability company with its head office located in Irwindale, CA. (Cmplt. ¶ 1; Notice of Removal ¶ 4.) Landmark is organized and existing under the laws of California, with its principal place of business in Boston, Massachusetts. (Cmplt. ¶ 22; Notice of Removal ¶ 23.) SOS is a California limited liability corporation, with its principal place of business in California. (Notice of Removal ¶ 3.) Citizenship of a corporation is determined by its place of incorporation and principal place of business. *28 U.S.C*. § 1332(c)(1). Therefore,

Plaintiff SOS and Defendant Landmark are both California citizens. Because complete diversity between the parties does not exist, this court lacks subject matter jurisdiction to hear the case. When a District Court lacks subject matter jurisdiction of a removed action, the case must be remanded. See *28 U.S.C.* §1447(c).

## II. The Inclusion of a Party to a Contract in an Action Alleging a Breach of the Contract is Proper.

Two critical presumptions, largely unaddressed in the AIG Carriers' Opposition, bear repeating. First, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("[T]he removal statute is strictly construed against removal jurisdiction."). Second, given this presumption, courts in this jurisdiction resolve all disputed facts in favor of the non-removing party. *See Levine v. Allmerica Financial Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009). To meet its burden, AIG must therefore demonstrate that the "non-diverse claim must not only be unsuccessful, it must be untenable ab initio." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F.Supp.2d 1112, 1116 (C.D. Cal. 1999). Put plainly, "if a diversity-defeating claim is not frivolous, the plaintiff has the right to have it considered by the state court in which it was filed." *See id*.

Here, SOS has alleged causes of action for: Negligence, Breach of Contract, Breach of Contract – Third Party Beneficiary, and Unfair Business Practices against Landmark. The Complaint alleges that, "The AIG Defendants [including Landmark] breached the terms of the Policies and the Payment Agreement as set forth herein…." (Cmplt. ¶ 55.) The Payment Agreement front page explicitly states the Payment Agreement for Insurance and Risk Management Services is "by and between us, **National Union Fire Insurance Company of Pittsburgh, Pa.** On behalf of itself and all its affiliates including, but not limited to: … **Landmark Insurance Company**." (Balice Decl., Ex. A., p. A 001) (bold in original).

Further, the Payment Agreement defines the contracting parties to the agreement as:

3
NOTICE OF MOTION AND MOTION TO REMAND

ANDERSON KILL.

864 E. SANTA CLARA STREET ■ VENTURA, CA 93001 ■ TELEPHONE: 805-288-1300 ■ FAX: 805-288-1301 ■ WWW.ANDERSONKILL.COM

• *You*, the organization(s) named as "our Client" in the *Schedule*, and

• us, the insurer(s) named in the *Schedule*. The words "we", us" and "our" in this Agreement refer to the insurer(s) named in the *Schedule*. (Payment Agreement A 003).

The Schedules referenced in this definition explicitly list Landmark as a party. (Balice Decl., Ex. A., pp. A 015, A 020, A026, A031). In fact, under Schedules for the Incurred Loss Payments Plan, Landmark is explicitly listed by name multiple times. (Balice Decl., Ex. A., pp. A 015, A 020, A 026, A031.).

In response, the AIG Carriers fail to cite a single authority which provides that the inclusion of a non-diverse party to a Contract, in an action for breach of the same Contract, constitutes "fraudulent joinder" permitting removal. Rather, the AIG Carriers seek to characterize the Payment Agreement as a "form 'master agreement'" (Notice of Removal ¶ 26, Kessel Decl. ¶ 3) and to suggest that allegations of a breach of an agreement are insufficient to assert a breach of contract.

These contentions fail to contravene the import of the fact that Landmark is a party to the agreement and the Complaint alleges a breach of the agreement. *See* Cmplt. ¶ 55 ("[t]he AIG Defendants breached the terms of the Polices and the Payment Agreement as set forth herein…."). Because all disputed questions of fact must be resolved in favor of the non-removing party, Landmark's status as a breaching party to the Payment Agreement provides a sufficient basis for establishing the potential liability of Landmark on SOS's first claim for breach of contract. Moreover, AIG Carriers' suggestion that the Payment Agreement is a "form 'master agreement'" fails to provide clear and convincing evidence that there is no possible basis under California law to hold Landmark liable on each of SOS's claims.

### III. A Negligence Cause of Action is Proper Where a Party Breaches a Duty Assumed Pursuant to an Agreement.

Where an agreement creates obligations between and amongst the parties to the agreement, such obligations can give rise to an action in tort.

Here, the Payment Agreement created a basis for a relationship between Landmark and

4
NOTICE OF MOTION AND MOTION TO REMAND

nydocs1-1036795.1

SOS. According to the Payment Agreement, "[AIG Defendants, including Landmark] have agreed to the following: []to provide *You* insurance and services according to the *Policies* and other agreements; and [] to extend credit to *you* by deferring our demand for full payment of the entire amount of *Your Payment Obligation* if *You* make partial payments according to this Agreement." (Payment Agreement A 003). Landmark incurred obligations and received rights under the Payment Agreement. (Balice Decl., Ex. A., pp. A 015, A 020, A 026, and A 031.).

Although the AIG Carriers suggest that SOS failed to plead a negligence claim, the negligence allegations set forth in the Complaint, though admittedly related to the Policies and Payment Agreement, are grounded in tort. For example, in paragraphs 47-50 of the Complaint, SOS alleges that the AIG Defendants (including Landmark) owe "a duty of act reasonably and exercise ordinary care and skill" with respect to adjustment of claims and the retention and supervision of the BS Defendants' adjusting of claims. Thus, for example, even if it could be said that the failure to supervise was a breach of contract, supervision in the absence of due care sounds only in negligence. Given the specific allegations in the Complaint, the generic case law cited in the Opposition is inapplicable.

Because the AIG Carriers have failed to establish that there is no possible basis under California law to hold Landmark liable under a negligence theory, Landmark is a proper party to this action.

## IV. An Intended Beneficiary to a Contract is Entitled to Seek Relief for Breach of the Agreement.

Where, as here, the parties to a written claims services agreement therein agree to delegate the adjustment of a policyholder's claims, the policyholder is an intended third party beneficiary of the agreement.

Although the AIG Carriers argue that a policyholder is not a third-party beneficiary under such agreements, the Insurance Program here is distinguishable from those in the case law cited by the AIG Carriers. In particular, the cases cited by the AIG Carriers involve independent adjusters in the context of single losses. *See Thompson v. Cannon*, 224 Cal. App. 3d 1413 (Cal. Ct. App. 1990) (single fire loss); *Henry v. Associated Indem. Corp.*, 217 Cal. App. 3d 1405 (Cal.

Ct. App. 1990) (single property loss); *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249 (Cal. Ct. App. 1999) (damage to a commercial dryer). By contrast, in the context of a complex multiyear high-deductible workers' compensation insurance program, where collateral is maintained in connection with a policyholder's loss history, an agreement to undertake the adjustment of claims renders the policyholder a third party beneficiary. In fact, as noted in the Complaint, both in the binder for the Policies and in the Payment Agreement, the AIG Carriers included representations regarding the administration of claims and the engagement of a third party administrator. *See* Compl. ¶¶ 33-34.

Because the AIG Carriers have failed to establish that there is no possible basis under California law to hold Landmark liable under a Third Party Beneficiary theory, Landmark is a proper party to this action.

### D. The Complaint Alleges a Sufficient Claim for Unfair Business Practices.

An Unfair Business Practice claim is proper where, as here, an insurance company engages in unfair competition such as unlawful, unfair or fraudulent business acts or practices.

The Complaint specifically alleges that "The AIG Defendants violated the provisions of Section 17200 et seq. of the California Business and Professions Code [by] (a) Actively participating in and knowingly aiding and abetting the BS Defendants' unfair business practices[.]" (Cmplt. ¶ 64.) The Complaint also alleges that the AIG Defendants "[used] inflated loss development and other factors that are outside industry norms to justify demands for and the holding of more collateral than reasonably necessary to secure SOS's worker compensation program against future losses." (Cmplt. ¶ 64.)

Although the AIG Carriers suggest that Landmark was not a party to any insurance contract with SOS, this position is contradicted by the fact that Landmark is named as a party to the Payment Agreement on no less than four occasions. (Balice Decl., Ex. A., pp. A 015, A 020, A 026, A031.). The AIG Carrier's related arguments and distinguishable case law fail for the same, simple, reason that Landmark is a party to the agreements at issue. *See*, *e.g.*, *Ambrosini v. Universal Cable Holdings, Inc.*, No. 14 Civ. 896, 2014 WL 3362244 (N.D. Cal. July 7, 2014)

6
NOTICE OF MOTION AND MOTION TO REMAND

nydocs1-1036795.1

(finding fraudulent joinder as to individual supervisors where California law barred discrimination claims against individual supervisors and the plaintiff made allegations against the individuals in the motion to remand that were not in the Complaint).

Because the AIG Carriers have failed to establish that there is no possible basis under California law to hold Landmark liable under an Unfair Business Practices theory, Landmark is a proper party to this action.

## **CONCLUSION**

To avoid remand, the AIG Carriers must show that Landmark cannot be liable to SOS under any of these claims. The AIG Carriers have not established by clear and convincing evidence that there is no conceivable basis for finding Landmark liable to SOS. Because Landmark is not a sham defendant, this court lacks subject matter jurisdiction and must remand the case to the California Superior Court of Los Angeles.

Accordingly, Source One Staffing respectfully requests the Court issue an Order Remanding the case to the California Superior Court for the County of Los Angeles and order defendants to pay all costs and attorney's fees incurred by Plaintiff as a result of this removal.

Respectfully submitted,

DATED: September 5, 2014        ANDERSON KILL

By: /S/_____
ALEX HARDIMAN
ROBERT L. HERNANDEZ
Attorneys for Source One Staffing, LLC

7
NOTICE OF MOTION AND MOTION TO REMAND

nydocs1-1036795.1